BARADA, Appellant, *v.* INHABITANTS OF CARONDELET, Respondents.

1. A. brought an action against B., to recover the proceeds of land sold as A.'s, on execution in favor of B., under a judgment, which, as A. claimed, B. had previously agreed to enter satisfied. *Held,* A. cannot maintain such an action, when he disclaims any title to the land sold, and admits on the trial that he has none.
2. Under the new code, a proceeding by *mandamus* cannot be joined with other actions.
3. Where a petition prays, among other things, for an injunction, but that branch of the petition is not passed upon by the court below, nor brought in any way to its notice, the Supreme Court will not interfere, as this would be an exercise of original jurisdiction.

### *Appeal from St. Louis Circuit Court.*

On the 30th of September, 1842, the defendant recovered judgment against the plaintiff and his securities, Benoist Mareschal and George Shoults, for the sum of twelve hundred and five dollars and ninety-eight cents, together with the costs of the suit. On the 13th of September, 1845, the

board of trustees of said town enacted an ordinance in words and figures, as follows, to wit :

" No 81. An ordinance for the relief of Benoist Mareschal, and the legal representatives of George Shoults' estate.

" Be it ordained by the board of trustees of the town of Carondelet, as follows :

" Section 1. That the chairman of the board be, and he is hereby authorized and directed to ascertain the full amount of principal and interest remaining unpaid of the judgment which the Inhabitants of the town of Carondelet obtained in the St. Louis Court of Common Pleas, against Peter D. Barada and his securities, which judgment was appealed to the Supreme Court, and there affirmed ; and having as certained such amount, he shall, in the name of this corporation, enter upon the execution in said case, or upon the records of said court, as he may deem most effectual, a *remittitur* or satisfaction, to the amount of sixty per cent. upon the total amount of principal and interest of said judgment remaining unpaid. But no such *remittitur* or satisfaction shall be entered until the costs accrued upon such judgment in the Court of Common Pleas, shall have been paid.

" Section 2. Whenever such *remittitur* or satisfaction shall be so entered, the defendants in said judgment shall be allowed for the payment of the balance, the term of four years, said balance to bear six per cent. interest ; but said defendants, or either of them, may at any time before the lapse of said four years, pay and satisfy said balance, or any part thereof.

" Section 3. It shall be the duty of the chairman of the board to keep alive said judgment, as a lien upon the property of said defendants, and to revive said judgment under the laws of the state, from time to time, so as to preserve such lien upon the real estate of said defendants."

The above ordinance took effect from and after the time of its passage. On the 19th of April, 1845, an execution was issued on said judgment, and on the 24th of May, 1845, and on the 7th of July in the same year, the sheriff of St. Louis

county, acting under and by virtue of said execution, sold enough of real and personal property of the plaintiff in this cause, to pay said costs, and one hundred and twenty-two dollars and ninety-three cents of said judgment. The proceeds of said sale were in the hands of said sheriff, at the time said ordinance was passed, and were in a few days thereafter, (September 15th, 1845,) applied by said sheriff to the payment of said costs, and the remainder was applied on said judgment. But the chairman of said board has ever since failed, neglected, and refused to enter said *remittitur* or satisfaction. On the 25th of November, 1845, the said Benoist Mareschal, in compliance with said ordinance, paid said corporation the sum of two hundred and ninety-seven dollars and ninety-nine cents, and obtained from said corporation a full discharge of all his indebtedness to said town, on account of said judgment. Before the passage of said ordinance, the said George Shoults died, without paying anything on said judgment. On the 1st of October, 1849, another execution was issued on said judgment, and on the 25th of February, 1850, the sheriff of said county sold real estate to the amount of six hundred and six dollars and sixty-four cents over and above costs, which said last sum was paid over by the sheriff to the corporation, in a few days after said last sale. On the 28th of February, 1850, another execution was issued upon said judgment, and the sheriff, by virtue of a sale of real estate under said last execution, made the additional sum of one hundred and ten dollars, in addition to costs, which said last sum was also paid over by said sheriff to said corporation.

The plaintiff in this case brought suit under the new practice act, and asked judgment; first, to compel the chairman to enter said *remittitur* or satisfaction on the record of said judgment, according to the provisions of said ordinance; second, for an account between the parties to this suit, in order to ascertain how the matter stands between them; third, to compel said corporation to pay over to him, (the plaintiff,) the amount made on said executions, over and above what is neces-

sary to satisfy said judgment; fourth, for whatever sums of money may be found justly due, after allowing all just credits; fifth, for damages sustained by the plaintiff on account of levying and selling under said executions, after said judgment, interest and costs were satisfied as aforesaid; sixth, to perpetually enjoin any further proceedings on said judgment by execution or otherwise; and seventh, for such other and further relief as the court might think consistent with equity and good conscience.

The defendants in their answer state, in substance, that it is true that they recovered judgment as hereinbefore stated; that the board of trustees of said town did pass said ordinance, but that the same was passed on the application of Benoist Mareschal, and the legal representatives of George Shoults only, and for their benefit, and not with the intent of releasing the plaintiff from any part of said judgment; that, as far as said ordinance contains direction to the officers of said corporation, no person has acquired any rights under said ordinance until those directions are complied with; that Benoist Mareschal paid to said town the sum stated in said petition on said judgment, for which the collector of said town gave a receipt; that the plaintiff in this case, at the several times of the sheriff's sales on the last two executions, said and declared that he had no right, title or interest in the property offered for sale by the sheriff. When the case came on for trial, the plaintiff read in evidence the said judgment, and said executions, and the returns of the sheriff thereon, and offered to prove by two witnesses that said ordinance was made for the benefit of the plaintiff, as well as for the benefit of Benoist Mareschal and George Shoults' representatives; but the court refused to admit the testimony of said witnesses. The plaintiff admitted on trial, that he had no right, title nor interest in the property sold under the last two executions, but was the owner of the property sold under the first execution. The defendants offered no evidence on the trial.

The defendants asked the court to give the following instructions, to wit :

" 1. That the ordinance set out in the petition was no discharge of the judgment, even if its tenor had been strictly complied with by the defendants in the judgment.

" 2. Said ordinance was no discharge of said judgment as to Barada, the principal defendant in said judgment, and present plaintiff.

" 3. If, in fact, the present plaintiff had no title, estate, interest, claim or demand in the property sold on the two last executions, and did, at the time of such sales, disclaim such title, &c., then said plaintiff cannot recover any money made by the sales of such property.

" 4. Under the facts stated and shown in evidence in this case by the plaintiff, the plaintiff is not entitled to recover in this action."

The first, second, and fourth instructions were given, and the third instruction refused, and the plaintiff objected to the giving of the said first, second and fourth instructions, which was overruled by the court, to the overruling of which the plaintiff excepted.

The plaintiff asked for no instructions. The court below gave judgment for the defendants, and the plaintiff made a motion for a new trial, which was overruled and excepted to by the plaintiff. The appeal is brought to this court for the purpose of reversing the judgment of the court below, and of obtaining a new trial, &c.

*F. M. Haight*, for appellant.

I. The ordinance of the defendants is a legislative act, or is to have that construction. It is not a contract between parties, or to be construed by such rules as are applicable to a contract. It is a legislative act, which the municipal authority had a right to enact, and is presumed to be passed upon sufficient consideration and for sufficient reasons, if that were necessary.

II. The defendants can gain nothing, nor take any advan-

tage of the omission, neglect, or refusal of the chairman of the board of trustees to enter satisfaction or carry out the ordinance.

III. The plaintiff offered to show that the ordinance was intended for his benefit. The defendants had made this issue by their answer.

IV. A discharge of two of the defendants discharged the judgment. The payment was joint, and there could be no discharge of one, or satisfaction as to one, without discharging all.

V. A compromise, carried into effect by payment of the composition, is a valid and effectual contract. An agreement for composition is a valid agreement, if made with that view, and for a sufficient consideration. If intended to be a discharge, it is one. 1 Smith's Leading Cases, 258-9.

*E. Casselberry*, for same.

On the payment of the costs specified in the ordinance, the judgment should have been credited with sixty per cent, as specified in the ordinance, as a matter of right; and when the plaintiff paid the costs, as has been shown in evidence, he had a vested right in the sixty per cent. specified in the ordinance. The executions are credited with the amount made on the last two executions, as well as the amount on the first. The defendants, after giving the credit to the plaintiff for the amount made upon the last two executions, cannot afterwards withdraw the credits again, especially as the property was sold by the defendants, as the property of the plaintiff. When the property was deliberately sold as the property of the plaintiff, the defendants are estopped from denying the title of the plaintiff to it.

It will be found, by comparing the returns on all the executions, that the plaintiff was mistaken in saying that he had no interest in the real estate sold on the last two executions, because there were several tracts sold on the second and third executions that were not sold on the first. The declarations of the plaintiff should have been in writing, to be bind-

ing on him, because it concerns his interest in real estate. It would certainly be a great hardship if debtors were compelled to show title to all of the real and personal property sold on execution, before receiving the benefits of the sale. They might have to maintain as many law suits as there were tracts of land sold on the execution—the expenses of which, in many instances, would amount to more than the proceeds of the sale. If the defendants had never made a sale of the property, as the property of the plaintiff, they never would have had the money in controversy, and consequently the plaintiff is entitled to it, because he is the cause of its being made. As the money certainly does not belong to the defendants, the mere fact that the plaintiff was harassed, vexed, and troubled, and in reality injured in his business, by having the executions issued against him, is sufficient to entitle him to the money, in the absence of any other owner, since the defendants have passed the amount to his credit on the executions, and thereby acknowledged his right to it. If the plaintiff is entitled to the benefit of the sales on the executions, in any particular, he is entitled to such benefit in every respect whatever. That he is entitled to the benefit of the credit endorsed on the executions, is not denied. To allow him this benefit is an acknowledgment of his right to the remainder of the money, after satisfaction of the judgment.

*R. M. Field,* for respondent.

I. There was no error in excluding the evidence proffered by the plaintiff below, as to the intent and meaning of the ordinance passed by the corporation. For the ordinance, being the act of a deliberative body representing the corporation, must be judged by its own terms, and could not be enlarged or in any way changed in its interpretation by any testimony of witnesses.

II. The ordinance did not discharge the plaintiff below from the judgment against him.

1. It purports on its face to be passed for the relief of the sureties only.

2. It contains merely directions to the officers of the corpo-

ration, in respect to their action upon the judgment against Barada and his sureties ; and whether the officers have complied with these directions, or have properly declined to do so, is only to be enquired of between them and the corporation ; third persons have nothing to do with the matter.

3. Considering the ordinance in the most favorable light for the plaintiff below, it amounts only to an agreement to discharge the judgment on payment of a lesser sum. Such an agreement is void in law. *Cumber* v. *Wane*, 1 Smith's Leading Cases, 146, and additional cases there cited.

III. It is insisted that, as the evidence below showed that the plaintiff had no estate or title whatever in the land sold on the execution, he had no equitable right to recover the money made by a sale under the execution, particularly as he appeared at the sale, and disowned all interest in the land, and warned all persons from bidding.

IV. Adopting the construction of the ordinance contended for by the appellant, it is insisted that the board of trustees had no legal authority to pass the ordinance in question ; for it amounts to giving away the money of the corporation at the pleasure of the board. For the powers of the board of trustees, which are strictly defined by law, see Rev. Stat. 1825, tit. Towns, sec. 5. Ib. 1835, tit. Towns, sec. 7. Ib. 1845, tit. Towns, sec. 7. *Rumford* v. *Wood*, 13 Mass. Rep. 193, 198. *Shronk* v. *Supervisors*, 3 Rawle, 347. *Parsons* v. *Goshen*, 11 Pick. 396. *Stetson* v. *Kempton*, 13 Mass. Rep. 272. *Norton* v. *Mansfield*, 16 Mass. Rep. 48. *Hooper* v. *Emery*, 2 Shepley, 375. *Hodges* v. *Buffalo*, 2 Denio, 110. *Halstead* v. *New York*, 3 Coms. 430.

SCOTT, Judge, delivered the opinion of the court.

1. The plaintiff in this case presents himself in rather a singular attitude. He is seeking to recover money, to which he alleges he is entitled, and yet he disclaims all title to the property whose sale has given rise to this action. There is an execution against property ; it is sold under that execution ; the defendant in the execution denies that he has any title to it ; it

does not appear that he is even in possession of it; and yet he claims the money arising from the sale. The principle is not perceived on which the action can be maintained. It is not contended that where there is a title to real estate, a parol disclaimer can divest it, or that, after such disclaimer, the party may not show title in himself, if he has not, by his conduct, estopped himself from such a course towards third persons who have contracted on the faith of such declarations. But here, there is no pretence of title to the property, and an admission is made on the trial of this cause, that there was none in the plaintiff.

The other Judges concurring, the judgment will be affirmed.

*F. M. Haight*, on petition for rehearing. The part of the petition which prays for a mandamus and injunction is undisposed of, and there is still a balance upon which defendants threaten execution, unless the ordinance is valid and operates for the plaintiff. The validity and effect of the ordinance must be passed upon.

SCOTT, Judge. 2. The new code simply provides that the remedy by *mandamus* shall not be affected by anything contained in it, until the legislature shall otherwise direct. This remedy not being affected by the code, the rule as to the joinder of different causes of action does not apply to it, and from the nature of the remedy, it is obvious that it cannot be joined with other actions.

3. As to the injunction prayed for, it is evident that the matter was not passed upon by the court below, nor was it brought in any way to its notice. Should this court now interfere, it would be an exercise of original jurisdiction.